IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAQUETTA STEWART,                           CV 06-123-MA

        Plaintiff,                       OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

        Defendant.

TIM WILBORN
Wilborn Law Office, P.C.
19093 S. Beavercreek Road, PMB# 314
Oregon City, OR 97045
(503) 632-1120

        Attorneys for Plaintiff

1 - OPINION AND ORDER

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

CAROL A. HOCH
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA  98104-7075
(206) 615-2684

    Attorneys for Defendant

MARSH, Judge.

Plaintiff Laquetta Stewart seeks attorney fees in the amount of $8,108.69 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 et seq. on her claim for disability insurance benefits. The government does not object to an award of fees but contends a reasonable fee is $5,316,78 based on the results obtained by plaintiff in this case to date.[1]

For the following reasons, the court awards plaintiff $5,316.58 as a reasonable attorney fee.

## BACKGROUND

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) challenging a final decision of the Commissioner that she was not

---

[1] The government also noted plaintiff did not present any evidence that she assigned the right to collect an EAJA fee to her attorney. Plaintiff has since presented that evidence, thereby eliminating any objection to the fee petition on that basis.

2 - OPINION AND ORDER

entitled to disability insurance benefits.  Plaintiff contended the Administrative Law Judge (ALJ) improperly evaluated evidence offered in support of her claim and sought a remand to the Commissioner for an immediate calculation and payment of benefits.

In response, the Commissioner conceded the ALJ erred in evaluating the evidence.  He asserted, however, a remand for further proceedings to allow the ALJ to properly to consider the evidence was the appropriate remedy rather than a remand for immediate payment of benefits.

The court found in favor of the Commissioner and ordered a remand for further proceedings.

The issue is whether I should exercise my discretion under the EAJA to award plaintiff the entire amount of attorneys fees she incurred in this case to date, including the amount incurred in unsuccessfully arguing that the court should remand her claim for an immediate award of benefits.  Atkins v. Apfel, 153 F.3d 986, 987 (9th Cir. 1998)("The amount of attorney's fees awarded under the EAJA by the district court is reviewed for an abuse of discretion.").  I decline to so.

The EAJA provides the "court shall award to a prevailing party other than the United States fees . . . incurred by that party . . . unless the court finds that the position of the United States was substantially justified or that special

3 - OPINION AND ORDER

circumstances make an award unjust." 28 U.S.C. § 2412(d0(1)(A).

The focus of the court's inquiry is on the results obtained by the prevailing party. Atkins, 153 F.3d at 989, citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)("The district court should 'make clear that it has considered the relationship between the amount of the fee awarded and the results obtained.'").

Here, after the Commissioner moved to remand for further proceedings, plaintiff's counsel expended 17.25 hours valued at $2,791.91 unsuccessfully arguing that the appropriate remedy was a remand for payment of benefits. Although plaintiff obtained no additional benefit from this work, she argues she is entitled to recoup all of the fees she incurred because she prevailed in obtaining the remand only after "the Commissioner stood on his untenable answer [denying plaintiff's claim] and waited for Plaintiff's attorneys to fully brief the issues."

Plaintiff relies on Penrod v. Apfel, 54 F. Supp.2d 961 (D. Ariz. 1999), where the court, under similar circumstances, awarded plaintiff attorneys fees for time spent unsuccessfully seeking summary judgment after the Commissioner conceded a remand for further proceedings was justified. In that case, the court focused on the reasonableness of plaintiff's decision to oppose remand and seek summary judgment. "Plaintiff's reasons for seeking summary judgment and opposing remand were legally sound and not at all frivolous. The fact that the Court ultimately did

4 - OPINION AND ORDER

not adopt her reasoning is not a basis for denying EAJA fees." Id. at 963.  I conclude plaintiff's reliance on Penrod is misplaced, because as noted above, the appropriate focus is on the results obtained as a result of counsel's labor, not the reasonableness of counsel's legal position.

## CONCLUSION

For these reasons, the court awards plaintiff attorneys fees under the EAJA in the amount of $5,316.78.

IT IS SO ORDERED.

DATED this 22 day of August, 2007.

   /s/   Malcolm F. Marsh
MALCOLM F. MARSH
United States District

5 - OPINION AND ORDER